## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
### EAST ST. LOUIS DIVISION

| | |
|---|---|
| Ingrid Cox, individually and on behalf of all others similarly situated,<br><br>                                   Plaintiff,<br><br>                 -against-<br><br>Star Brands North America, Inc.<br><br>                                   Defendant. | Case No. 3:22-cv-00141-NJR<br>Chief Judge Nancy J. Rosenstengel |

## DEFENDANT'S MOTION FOR LEAVE TO SUBMIT SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS

Pursuant to Local Rule 7.1(g), Defendant Star Brands North America, Inc. respectfully requests leave to submit supplemental authority in support of its Motion to Dismiss Plaintiff's Complaint (Dkt. No. 8) regarding a recent decision issued by Judge Nelson Román in the United States District Court for the Southern District of New York in *Spurck v. Demet's Candy Co., LLC*[1], No. 21 CV 05506 (NSR), 2022 U.S. Dist. LEXIS 133685 (S.D.N.Y. July 27, 2022).

Judge Román's decision is instructive because it fully supports Star Brand's contention that no reasonable consumer would interpret "fudge" as being made with any specific ingredient. Dkt. 8 at 6. The plaintiff in *Spurck v. Demet's Candy Co., LLC* made the exact same arguments the Plaintiff is making here- that consumers of the Product expect it to contain ingredients "essential" to fudge when they observe the representation "White Fudge." *Id.* at 2. The plaintiff

---

[1] Star Brands was erroneously named in this case as Demet's Candy Company, LLC.

in *Spurck* based those allegations on almost the same sources and recipes the Plaintiff relies on this case. *Id.* at 7. Judge Román rejected that argument, holding that a "reasonable consumer would not infer that the Product was made with a specific fudge recipe or ingredient without additional representations on the packaging." *Id.* at 6. Judge Román found that none of the sources cited by the plaintiff claimed that all recipes for fudge must include sugar, milk, and butter. *Id.* at 7.

Star Brands argued those same points in its Motion. The Product's label makes no claim that would lead consumers to believe that the Product's fudge coating uses any specific ingredient or follows any specific recipe. Moreover, the Product's ingredient list fully and accurately discloses the ingredients present in the Product. Dkt. 1 ¶34. Therefore, Judge Román's reasoning in *Spurck v. Demet's Candy Co., LLC,* fully applies to this case and further supports dismissal of the Complaint.

## CONCLUSION

For the foregoing reasons, Star Brands respectfully requests that the Court grant this motion to submit supplemental authority in support of its Motion to Dismiss Plaintiff's Complaint as provided by Local Rule 7.1(g).

Dated: August 1, 2022

Respectfully submitted,

*/s/ August T. Horvath*
August T. Horvath 2833234
*ahorvath@foleyhoag.com*
FOLEY HOAG LLP
1301 Sixth Avenue, 25th Floor
New York, New York 10019
Tel: (212) 812-0344
*Attorneys for Defendant Star Brands North America, Inc.*

FH10984960.1

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 1st day of August 2022, a true and correct copy of the foregoing document has been served on counsel of record who are deemed to have consented to electronic service via ECF.

/s/ *August T. Horvath*
___August T. Horvath_____