IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **INGRID COX, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**STAR BRANDS NORTH AMERICA, INC.,**<br><br>**Defendant.** | Case No. 3:22-CV-141-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This case arises under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILL. COMP. STAT. § 505/1, *et seq.*, and Illinois common law. Plaintiff Ingrid Cox alleges that she purchased Flipz White Fudge Covered Pretzels produced by Defendant Star Brands North America, Inc. ("Star Brands"), only to discover that the pretzels are not coated in fudge because they lack sufficient milkfat. (Doc. 1). Her lawsuit, brought as a putative class action, raises six claims: (1) a claim under the ICFA and similar state laws in Iowa, New Mexico, Michigan, Texas, Arkansas, Virginia, and Oklahoma; (2) a claim under Illinois contract law; (3) a claim for breach of warranty under Illinois law and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.*; (4) a claim for negligent misrepresentation under Illinois law; (5) a claim of fraud under Illinois law; and (6) a claim of unjust enrichment under Illinois law. (*Id.*).

Star Brands now moves pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Cox's complaint for failure to state a claim upon which relief can be granted. (Doc. 7). Star Brands argues principally that a reasonable consumer would not believe from the packaging that "Flipz White Fudge Covered Pretzels" had a certain level of milkfat. (Doc. 8). Star Brands also argues that Cox failed to sufficiently plead a contract existed between Cox and Star Brands,

that insufficient notice was given to maintain a claim for breach of warranty, and that Cox cannot recover for economic loss under negligent misrepresentation. (*Id.*). Cox filed a response in opposition and withdrew her breach of contract claim. (Doc. 9). For the reasons stated below, the Court finds that Cox has not adequately pleaded the remainder of her claims.

**FACTUAL BACKGROUND[1]**

Fudge "is made by mixing sugar, butter and milk." (Doc. 1 at ¶ 4). Early recipes produced fudge from varying proportions of sugar, butter, milk or cream, and other additives (including chocolate, vanilla, and water). (*Id.* at ¶¶ 6-8). Molly Mills, "one of today's leading authorities on fudge," says that modern fudge is "most commonly [made] from butter, milk, sugar, and chocolate" (*Id.* at ¶ 9), and other modern sources agree. (*Id.* at ¶¶ 10-19). The use of dairy ingredients makes a rich taste, smooth texture, and allows the resulting candy to melt at mouth temperature. (*Id.* at ¶ 24-25). If palm and palm kernel oil are substituted, the resulting candy has "a waxy and oily mouthfeel" instead. (*Id.* at ¶ 30). The consumption of palm and palm kernel oil has also been linked to a greater risk of heart disease and other health problems. (*Id.* at ¶ 30).

Star Brands is the producer of Flipz White Fudge Covered Pretzels. (*Id.* at ¶ 1). Star Brands' advertising for the pretzels purports that the product is coated in "creamy white fudge" as illustrated below:

---

[1] The Court assumes the following facts from the complaint are true for purposes of the motion to dismiss.



(*Id.* at ¶ 33). However, the second ingredient listed for the coating is palm and palm kernel oils, and milk products only appear later in the list. (*Id.* at ¶¶ 34, 36). While it is possible that there could be more milk products than palm and palm kernel oil in the coating, analysis of the nutrition facts provided on the packaging indicates that there is more palm and palm kernel oil. (*Id.* at ¶ 40).

INGREDIENTS: SUGAR, ENRICHED FLOUR (WHEAT FLOUR, NIACIN, REDUCED IRON, THIAMINE MONONITRATE (VITAMIN B1), RIBOFLAVIN (VITAMIN B2), FOLIC ACID), VEGETABLE OIL (PALM KERNEL OIL AND HYDROGENATED PALM OIL), MILK, SKIM MILK POWDER, SOY LECITHIN (EMULSIFIER), CORN SYRUP, SALT, ARTIFICIAL FLAVOR, YEAST, MALTED BARLEY FLOUR, LEAVENING (SODIUM BICARBONATE).

In reliance on this advertising, Cox purchased packages of Flipz White Fudge Covered Pretzels on one or more occasions. (*Id.* at ¶ 71). Cox believed that the pretzels' coating "was made exclusively or predominantly with . . . dairy ingredients from milkfat, instead of mainly vegetable oils." (*Id.* at ¶ 72). Cox would not have bought the Flipz White Fudge Covered Pretzels at the price they were sold but for her belief about the ingredients used to make the coating. (*Id.* at ¶¶

73-81).

Cox further alleges that she entered into a contract with Star Brands for the purchase of the product, and that her fellow class members were similarly influenced by Star Brands' marketing of the product. (*Id.* at ¶¶ 86, 93, 102).

### LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To survive a Rule 12(b)(6) motion, the plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In deciding a motion to dismiss under Rule 12(b)(6), a court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences in the plaintiff's favor. *Burke v. 401 N. Wabash Venture, LLC,* 714 F.3d 501, 504 (7th Cir. 2013). Taken together, the factual allegations contained within a complaint must "raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (internal citations omitted).

### DISCUSSION

Star Brands has moved to dismiss each count of Cox's complaint as failing to state a claim upon which relief can be granted.

**I.     The ICFA and the Reasonable Consumer**

Generally, the ICFA protects consumers against unfair or deceptive acts or practices, including but not limited to the use of deception, fraud, false pretense, false promise, misrepresentation, or concealment, or the omission of any material fact. 815 ILL. COMP. STAT. § 505/2. To state a claim under the ICFA, a plaintiff must plead facts demonstrating that: (1) the

defendant committed a deceptive or unfair act; (2) the defendant intended that others rely on the deception; (3) the act occurred in the course of trade or commerce; and (4) the act caused actual damages. *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (citing *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019)). "If the claim rests on allegations of deceptive conduct, then [Federal Rule of Civil Procedure] 9(b) applies and the plaintiff must plead with particularity the circumstances constituting fraud." *Id.* That is, the plaintiff must identify the "who, what, when, where, and how" of the alleged fraud. *Id.*

Courts apply a "reasonable consumer" standard when evaluating whether a label is deceptive or has the likelihood to deceive. *Id.* Under this standard, a plaintiff must prove that "a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled" by the label. *Bell v. Publix Super Markets, Inc.*, 982 F.3d 468, 474–75 (7th Cir. 2020).

When evaluating a motion to dismiss, the Seventh Circuit has held that a plaintiff's claims will survive "if they have plausibly alleged that the defendants' front labels likely lead a significant portion of reasonable consumers to falsely believe something that the back labels belie." *Id.* at 476. How consumers actually understand defendants' labels "may not be answered as a matter of law simply because lawyers can construe an ambiguous claim in a way that would not be deceptive. Plaintiffs are entitled to present evidence on how consumers actually understand these labels." *Id.* at 480. Frequently, ICFA claims involve disputed questions of fact not suitable for dismissal at the pleading stage; however, a court may dismiss the complaint if the challenged statement is not misleading as a matter of law. *Rudy v. Family Dollar Stores, Inc.*, 583 F. Supp. 3d 1149, 1158 (N.D. Ill. 2022).

Cox has alleged that (1) traditional recipes for fudge used predominantly milkfat; (2) modern experts believe that milk is an important but not indispensable ingredient in fudge;

(3) fudge made using predominantly milkfat has better "mouthfeel" than fudge made using palm and palm kernel oil; (4) that palm and palm kernel oil is more directly linked to negative health conditions than milkfat; (5) that Flipz White Fudge Covered Pretzels are advertised as coated in "creamy white fudge"; (6) that the coating of Flipz White Fudge Covered Pretzels contains substantial amounts of palm and palm kernel oil; and (7) that Cox would not have bought Flipz White Fudge Covered Pretzels at its sale price but for her belief that the pretzels contained more milkfat than it actually did. Notably absent from this list is any fact making it plausible a reasonable consumer would be misled by Star Brands' marketing.

While Cox has provided technical definitions of fudge and quotations from experts on its composition, she pleaded no facts to show that reasonable consumers have the same view. For "even if the reasonable confectionery expert deems milkfat essential to fudge, Plaintiff has not shown that the reasonable 21st century consumer has the same expectations. Nowhere in the complaint does Plaintiff allege that the reasonable consumer defines 'fudge' according to classic recipes created by experts." *Lederman v. Hershey Co.*, No. 21-CV-4528, 2022 WL 3573034, at *4 (N.D. Ill. Aug. 19, 2022). Cox did not, for instance, allege that surveys show consumers expect fudge to be comprised of sugar, butter, and milk. *Cf. Bell v. Publix Supermarkets*, 982 F.3d 468, 477 (7th Cir. 2020) (relying on plaintiff's allegation that survey data would show that a majority of consumers shared plaintiffs' interpretation to reverse dismissal); *Beardsall*, 953 F.3d at 975 (pointing out that consumer surveys or an expert opinion from the FTC would have helped claim survive summary judgement).

Moreover, these experts did not unequivocally state that milkfat must be an ingredient of fudge. Molly Mills, who Cox hails as "one of today's leading authorities on fudge," includes at least 16 fudge recipes with no butter and five with no dairy whatsoever in her book of fudge recipes, which Cox quoted and cited in her complaint. *See Brownmark Films, LLC v. Comedy*

*Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (explaining that the "incorporation by reference" doctrine allows consideration of documents a plaintiff mentions in their complaint in deciding a motion to dismiss). Thus, the facts alleged by Cox include that fudge can be made without milkfat. *See Burns v. General Mills Sales, Inc.*, 3:21-cv-1099-DWD, 2022 WL 3908783, at *4 (S.D. Ill. Aug. 30, 2022).

Even if these technical definitions and quotations from experts did show that a reasonable consumer would expect fudge to be made with milkfat, Cox has failed to plead facts rendering it plausible that Star Brands misled consumers. Cox alleges that there is milk in the coating. Thus, a reasonable consumer would not be wrong in believing there is some milk in the "fudge" coating, and Star Brands' advertising would not be deceptive in giving them that impression.

Nor did Cox sufficiently allege that reasonable consumers would believe there was nothing besides sugar, butter, and milk in the coating. First, the recipes Cox provided include other additives (chocolate and vanilla), or apparent substitutions (cream for milk). Second, "Plaintiff's claim that consumers 'expect [fudge] to be made from [sugar, butter, and milk] does not mean that reasonable consumers expect it to be made without anything else." *Karlinski v. Costco Wholesale Corp.*, No. 1:21-CV-03813, 2022 WL 2867383, at *4 (N.D. Ill. July 21, 2022).

Finally, Cox did not plead facts making it plausible that a reasonable consumer would believe there was so much palm and palm kernel oil in the product's coating that it was not in fact fudge. *Cf. Karlinksi*, 2022 WL 2867383 at *5 ("That 'roughly sixty percent of respondents who viewed the Products front label . . . expected it would contain more cacao bean ingredients than it did . . .' is not the same thing as saying that these same respondents concluded that the Product's coating was not chocolate . . . .").

Thus, Cox has failed to plead facts demonstrating that reasonable consumers were misled by Star Brands' marketing. Other courts to consider similar claims have reached the same result.

*Spurck v. Demet's Candy Co.*, LLC, No. 21 CV 05506 (NSR), 2022 WL 2971957, at *3 (S.D.N.Y. July 27, 2022) ("A reasonable consumer would not infer that the [Flipz White Fudge Covered Pretzels] w[ere] made with a specific fudge recipe or ingredient without additional representations on the packaging."); *Reinitz v. Kellogg Sales Co.*, No. 21-CV-1239-JES-JEH, 2022 WL 1813891 (C.D. Ill. June 2, 2022); *Lederman*, 2022 WL 3573034; *Burns*, 2022 WL 3908783. While Star Brands advertised its products as being coated in "creamy white fudge," the "traditional fudge" gloss that Cox put on the advertising cannot support a claim under the ICFA in the absence of affirmative representations by Star Brands. *See Phillips v. DePaul Univ.*, 19 N.E.3d 1019, 1030 (Ill. Ct. App. 2014). To the extent that other state laws also follow the reasonable consumer standard, as Star Brands suggested and Cox did not contest, Cox's claims on behalf of the putative Consumer Fraud Multi-State Class similarly fail.

**II.      Breach of Warranty**

   A.  Breach of Express Warranty and Implied Warranty of Merchantability

Under Illinois law, to state a claim for breach of express warranty, a plaintiff must allege the defendant: "(1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705, 714 (N.D. Ill. 2020). To state a claim for implied warranty of merchantability, a plaintiff must allege that: (1) the defendant sold goods that were not merchantable at the time of sale; (2) the plaintiff suffered damages as a result of the defective goods; and (3) the plaintiff gave the defendant notice of the defect. *Rudy*, 583 F. Supp. 3d at 1162. Furthermore, for goods to be merchantable, they must pass without objection in the trade under the contract description and must be fit for the ordinary purposes for which such goods are used. *O'Connor*, 477 F. Supp. 3d at 714; 810 ILCS 5/2-314(2).

Star Brands first argues Cox failed to provide adequate pre-suit notice for her express and

implied warranty claims. In order to bring a claim for breach of warranty, a plaintiff must provide notice to the seller within a reasonable time after he discovers or should have discovered the breach. 810 ILL. COMP. STAT.§ 5/2-607(3)(a). While the text of the statute addresses suits between a buyer and seller, the notice requirement has been extended to all beneficiaries of a warranty made by the original seller. *Maldonado v. Creative Woodworking Concepts, Inc.*, 694 N.E.2d 1021, 1025 (Ill. Ct. App. 1998).

Cox contends that filing her complaint fulfilled the required notice, but a legal complaint can provide adequate notice only if the plaintiff was a consumer who suffered personal injuries. *See Connick* v. *Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 590 (Ill. 1996). Cox does not allege that she suffered a personal injury from Star Brands' actions; thus, the complaint itself is does not satisfy the notice requirement.

Star Brands next asserts that, even if Cox had given proper pre-suit notice, her express warranty claim would fail. Cox claims that the representation "White Fudge" was an "affirmation of fact," and thus triggers an express warranty. (Doc. 9 at 10). But, as discussed above, use of the term 'fudge' is not a guarantee or promise that the product will be made using a specific fudge recipe or that it will contain dairy products." *Burns*, 2022 WL 3908783 at *6. Star Brands made no express representation that the pretzels were made with a certain amount milkfat; thus, it did not make or breach any express warranty about the product.

Cox's claim for breach of implied warranty of merchantability similarly fails. Cox has not pleaded that the pretzels are "unfit for the ordinary purposes for which such goods are used," *i.e.*, human consumption. While Cox claims the phrase "White Fudge Pretzels" is an affirmation of fact made on the label, again, the use of the term "fudge" is not a guarantee or promise that the product will be made using a specific fudge recipe. Finally, she claims the product was not fit for its particular purpose, which was to deliver a creamy candy coating made with butter, sugar, and

milk. The Court has already found, however, that a reasonable consumer would not expect the candy coating to be made exclusively of butter, sugar, and milk. Cox's claims for breach of express and implied warranties are dismissed.

B.  Magnuson-Moss Warranty Act ("MMWA")

The Magnuson-Moss Warranty Act does not add new substantive law to state warranty law. *Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986) ("state warranty law lies at the base of all warranty claims under Magnuson-Moss"). In other words, to sustain a MMWA claim, there must exist a viable underlying state-law warranty claim. *Schiesser v. Ford Motor Co.*, No. 16-cv-00730, 2016 WL 6395457, at *4 (N.D. Ill. Oct. 28, 2016); *Spurck*, 2022 WL 2971957 at * 6, *Burns*, 2022 WL 3908783 at *6; *Reinitz*, 2022 WL 1813891 at *5, *Lederman*, 2022 WL 3573034 at *6. Cox's failure to state a claim under Illinois warranty law defeats her claim under the MMWA.

## III.  Negligent Misrepresentation

To recover for negligent misrepresentation, Cox must show "(1) a false statement of material fact; (2) carelessness or negligence in ascertaining the truth of the statement by the party making it; (3) an intention to induce the other party to act; (4) action by the other party in reliance on the truth of the statement; (5) damage to the other party resulting from such reliance; and (6) a duty on the party making the statement to communicate accurate information." *First Midwest Bank, N.A. v. Stewart Title Guar. Co.*, 843 N.E.2d 327, 332 (Ill. 2006). Generally, Illinois law does not permit a negligence action for recovery of economic loss alone, with two exceptions for intentionally false representation and negligent misrepresentation while in the business of supplying information to guide others in business transactions. *Moorman Mfg. Co. v. National Tank Co.*, 91 Ill.2d 69, 61 Ill.Dec. 746, 435 N.E.2d 443, 452 (Ill. 1982).

As discussed above, Cox has not pleaded facts making it plausible that consumers were misled by Star Brands' marketing. As such, Cox has not adequately alleged that Star Brands made

a false statement of material fact. *Burns*, 2022 WL 3908783 at *6; *Lederman*, 2022 WL 3573034 at *6. Furthermore, Cox is pursuing purely economic damages, as she claims she would not have paid as much or purchased the product if she had been aware of the ingredients. While this rule has exceptions, none of them apply to Cox's claim. A plaintiff may recover for economic loss only if the misrepresentation was intentional. *Id.* 452. But, as discussed above, Cox never plausibly alleged that Star Brands' misrepresented the ingredients of the product's coating, much less that it did so intentionally.

Alternatively, a plaintiff may recover for economic loss if the defendant was "in the business of supplying information for the guidance of others in their business transactions." *Moorman*, 435 N.E.2d at 452. This exception does not apply, however, where "the information supplied is merely ancillary to the sale of a product." *First Midwest Bank*, 843 N.E.2d at 335. Here, Star Brands' marketing information was merely ancillary to the sale of the product. Cox's reliance on *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, is misplaced as that case distinguished the professional services at issue from "tangible objects" like the product here. 636 N.E.2d 503, 515 (Ill. 1994).

### IV. Fraud

To prove fraud in Illinois, a plaintiff must allege "(1) a false statement of material fact, (2) knowledge or belief of the falsity by the party making it, (3) intention to induce the other party to act, (4) action by the other party in reliance on the truth of the statements, and (5) damage to the other party resulting from such reliance." *Board of Educ. of City of Chicago v. A, C and S, Inc.*, 546 N.E.2d 580, 591 (1989).

Cox's claim fails because, as discussed above, she has not plausibly alleged that the product contained a false statement. Even if she had, her conclusory statements that "Defendant's fraudulent intent is evinced by its knowledge that the Product was not consistent with its

representations," Doc. 1 at ¶ 131-132, fails to adequately allege the required scienter. *Cf. Lederman*, 2022 WL 3573034 at *6; *Reinitz*, 2022 WL 1813891 at *6; *Burns*, 2022 WL 3908783 at *6; *Spurck*, 2022 WL 2971957 at *6.

**V.      Unjust Enrichment**

In Illinois, "where the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 855 (7th Cir. 2007). *See also*, *Cleary v. Philip Morris, Inc.*, 656 F.3d 511, 516-17 (7th Cir. 2011) (noting lack of clarity in Illinois law as to whether unjust enrichment is a cause of action and suggesting that, one way or another, there must be a predicate wrong). As Cox has not adequately pled fraud or another wrong by Defendant, Plaintiff's unjust enrichment claim also fails.

**VI.     Injunctive Relief**

To state a claim for injunctive relief, a plaintiff must allege that a defendant's conduct is likely to cause her harm in the future. *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). Such threat of harm must be real and immediate. *Jett v. Warrantech Corp.*, 436 F. Supp. 3d 1170, 1177 (S.D. Ill. 2020). As discussed above, the Court does not find Star Brands' labeling practices plausibly deceptive to a reasonable consumer, so Cox has failed to demonstrate harm. As Cox is now aware that the Flipz White Fudge Covered Pretzels are made with ingredients other than sugar, butter, and milk, she is not likely to be harmed by the alleged misrepresentation in the future. *See Rudy v. Fam. Dollar Stores, Inc.*, No. 21-CV-3575, 2022 WL 345081, at *10 (N.D. Ill. Feb. 4, 2022) (dismissing claim for injunctive relief where plaintiff was aware that "Smoked Almonds" were flavored using natural smoke flavor, not an open fire, and therefore was unlikely to be harmed by the alleged deception in the future). Accordingly, the Court agrees that injunctive

relief is unavailable to Cox.

## CONCLUSION

For these reasons, the motion to dismiss filed by Defendant Star Brands (Doc. 7) is **GRANTED**. Plaintiff Ingrid Cox's claims are **DISMISSED without prejudice**. Cox is granted leave to amend her complaint on or before **December 8, 2022**.

**IT IS SO ORDERED.**

DATED:   November 8, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**